| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| ------------------------------------------------------x | |
| In re: | Chapter 7 |
| Michael A. Yesko, | Case No. 12-11410 (SHL) |
| Debtor. | |
| ------------------------------------------------------x | |

## MEMORANDUM OF DECISION AND
## ORDER DENYING REQUEST FOR STAY PENDING APPEAL

The Court is in receipt of a request by Michael A. Yesko, (the "Debtor") a *pro se* debtor in this Chapter 7 Bankruptcy case, seeking *inter alia*, "cancellation of the sham auction and Sale Hearing scheduled for November 6, 2013" involving a cooperative apartment partially owned by the Debtor. [ECF No. 100] The Court construes this letter as a motion to seek a stay of this Court's *Order (A) Approving the form of sale agreement with Mural Doguer and Ebru Demirel Dogruer and (B) Scheduling an auction, (C) Approving sale procedures, (D) Scheduling sale hearing, and (E) Approving manner and form of notices*, dated October 11, 2013 [ECF No. 96], until the United States District Court for the Southern District of New York considers the Debtor's appeal. For the reasons set forth below, the Court denies the request.

### BACKGROUND

On April 3, 2012, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code [ECF No. 1], and voluntarily converted his case to one under Chapter 7, by notice dated July 27, 2012. [ECF No. 28] The Debtor is currently unemployed, and appears to have been unemployed since 1992, as set forth in his application to appear *in forma pauperis* dated October 30, 2013. [ECF No. 105]

The Debtor owns two cooperative apartments, located at 201 East 17th Street, New York, New York Apartments 19H and 19J, which are property of the Debtor's bankruptcy estate

pursuant to section 541 of the Bankruptcy code. *See* 11 U.S.C. §541(a). The Debtor jointly owned unit 19H with his deceased wife, and now shares ownership with his "estranged" daughter Sarah Parker, who is the executor of her mother's estate. The Debtor solely owns unit 19J.

By order dated January 16, 2013, this Court authorized the retention of Robert L. Geltzer, Esq. as attorney for the Chapter 7 Trustee. [ECF No. 50]. Hearings in this case were held on January 16, March 7, March 20, May 22, October 2, and October 8, 2013.[1] This Court denied the Debtor's motion to convert the Chapter 7 case to Chapter 11 [ECF No. 64], by order dated June 4, 2013 [ECF 78], after a hearing on that motion and related opposition [ECF Nos. 70, 71] filed by the primary creditor in this case, landlord Park Towers Tenants Corp. ("Park Towers"). In fact, this bankruptcy case appears to be centered on disputes and litigation between the Debtor and Park Towers that has been ongoing since at least 2010. [See ECF No. 49 at 1; ECF No. 91, Ex. B, Ex. C]. Some of that litigation relates to Debtor's apparent failure to pay maintenance charges for both units, which culminated in Debtor's eviction on January 30, 2012. [See ECF No. 54, at 1]. The Supreme Court of the State of New York, New York County entered an order in one of these state court cases on September 1, 2010, denying the Debtor's claim for injunctive relief seeking exclusive occupancy of one of the units. [ECF No. 103, Ex. A]. By notice dated May 8, 2013, the Trustee abandoned the estate's interest in that state court litigation and one other state court case, each of which seek damages regarding the Debtor's purported right of occupancy in the two units. [ECF No. 67].

The Debtor has filed numerous letters with this Court. [*See* ECF Nos. 16, 18, 19, 20, 21, 22, 23, 24, 33, 35, 36, 41, 42, 48, 52, 60, 75, 79, 82, 87, 95] The Debtor also put numerous

---

[1] Due to budget constraints, this Court does not possess a copy of the transcripts from these hearings for citation purposes but instead has referred to its notes from those hearings to provide context for the many and lengthy discussions that have been held in the course of this bankruptcy case.

2

filings on the docket, fashioned as motions, replies and opposition papers. [*See* ECF Nos. 27, 49, 54, 57, 64, 65, 72, 91, 92, 93, 100, 103]

On October 2, 2013, the Court held a hearing on the Trustee's motion for approval of the sale, auction, and bidding procedures for Unit 19H. [ECF No. 86]. At that hearing and other prior hearings before this Court, counsel for the Chapter 7 Trustee represented that he has been in contact with Sarah Parker regarding the sale of the apartment. Despite these communications and notice of the sale to Ms. Parker, she has not appeared at any of the hearings nor did she file any objection to the sale of unit 19H. Indeed, it appears that Sarah "genuinely believes it is best now to sell both apartments at market…" [ECF No. 57, at 2]. At the hearing on October 2, 2013, Debtor orally objected to the proposed sale. There was nothing in the Debtor's filings or oral objection that gave the Court any pause in granting the Trustee's motion for sale. On the record, the Court overruled Debtors' objections to the sale. The Court subsequently entered an order on October 11, 2013 approving the sale, auction and bidding procedures, and scheduling the sale for Wednesday, November 6, 2013. [ECF No. 96]. It is this order from which the Debtor apparently seeks a stay pending appeal. Such a stay would delay the sale – and those steps required to move this case toward completion – until after his appeal is decided.

### Standard

Fed. R. Bankr. P. 8005 provides, in relevant part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge… must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

3

A party seeking a stay pending appeal under Rule 8005 must show that (1) it would sustain irreparable injury if a stay were denied; (2) other parties would not suffer a substantial injury if a stay were granted; (3) the public interest favors a stay; and (4) there is a substantial possibility of success on the merits of the appeal. *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992); *In re Adelphia Communs. Corp.*, 333 B.R. 649, 658-59 (S.D.N.Y. 2005). The moving party faces a heavy burden. *See Adelphia*, 333 B.R. at 659; *see also United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995). To obtain a stay, the party must "show satisfactory evidence on all four criteria." *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997); *see also Adelphia*, 333 B.R. at 659. In the past, courts have held that "[f]ailure to satisfy one prong of this standard for granting a stay will doom the motion." *Turner*, 207 B.R. at 375; *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 271 (S.D.N.Y. 2004). However, recent cases have "engaged in a balancing process with respect to the four factors, as opposed to adopting a rigid rule." *In re Chemtura Corp.*, 2010 Bankr. LEXIS 3988 (Bankr. S.D.N.Y. Nov. 8, 2010). The decision of whether to grant the stay lies in the discretion of the court. *See In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985).

The Court finds that the factors weigh against granting a stay in this case. Even applying the more lenient standards for a *pro se* party's pleadings, the Debtor has not met his burden to obtain a stay pending appeal from this Court. First, debtor appears to be alleging that the irreparable injury justifying the stay is the loss of his ability to prosecute his litigation in New York State Supreme Court. [ECF No. 100 at 2].[2] However, as was explained to Mr. Yesko repeatedly at the last few hearings, the Trustee has abandoned the two state court litigations in

---

[2] Debtor states that "[a] sale of the cooperative apartment before RPAPL Art. 15 determination & collection of entitled damages would **undermine my ability to receive entitled equitable relief** & thereby result in obstruction of justice & denial of due process of law." *Id.* (Emphasis added)

4

question, thus re-vesting in the Debtor with the right to pursue these cases or take whatever actions the Debtor sees fit in the state court.

As to the second prong, it is clear that all other parties-in-interest would sustain a substantial injury if a stay were granted. Estate assets have been expended to market the property and secure a sales price that is higher than what the Debtor himself expected. A delay would put the current all-cash offer to purchase the apartment at risk. The Trustee and real estate agency would end up duplicating their efforts in any future sales process. Sarah Parker (the co-owner) will have to wait longer for her distribution of the sales proceeds to which she is entitled. And lastly, the primary creditor in this case, Park Towers, will not be paid. Clearly, all other parties-in-interest would be injured by any further delay, as this case has been repeatedly stalled over the last sixteen months without any payment of creditors while Mr. Yesko has converted the case, considered his options and instead focused his attention on the state court litigation which he previously filed against various parties.

With respect to the third prong, the Court finds that public policy does not favor granting the stay. To grant a stay at this time would effectively bring the entire case to a halt until the appeal is decided. *See In re Metiom, Inc.*, 318 B.R. at 272 (noting "the competing "public interest in the expeditious administration of bankruptcy cases [which] is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate."); *McIntyre Bldg. Co. v. McIntyre Bldg. Co. (McIntyre Bldg. Co.)*, 2011 Bankr. LEXIS 1384, 20–21 (Bankr. M.D. Ala. Apr. 14, 2011) ("[T]here is a great public policy in ensuring bankruptcy cases continue to an orderly, efficient resolution to maximize and preserve the estate's assets."). This Court notes that little to no progress has been made in the overall bankruptcy case,

notwithstanding the dozens of filings by the Debtor and the patient efforts of the Chapter 7 Trustee.

As to the fourth prong, the Court does not believe that the Debtor has a substantial likelihood of success on the merits of his appeal.  As the Court has repeatedly explained to the Debtor throughout his case, Chapter 7 is the liquidation chapter of the Bankruptcy Code in contrast to Chapter 13, where a debtor files with the goal of making payments from his regular income under a plan so as to keep his property, most commonly a house.  As a debtor without regular income, Mr. Yesko converted his bankruptcy from Chapter 13 to Chapter 7.  The Court also has repeatedly explained to Mr. Yesko that a sale auction of the type at issue here is a tried and true method of monetizing assets of a debtor's estate so as to pay its creditors.  *See, e.g.*, 11 U.S.C. §363(b) (providing that a trustee may sell assets).  As the Court also has explained, a sale here is appropriate given (1) the dual ownership of unit 19H; (2) the absence of any objections by any other party to the sale, and (3) the fact that the sale here will satisfy the claims in this case (including that of Park Towers).  The Court was not presented with any valid objection to the sale at the hearing on October 2, 2013, nor has any such objection been presented now.

## CONCLUSION

For all the reasons stated above, Mr. Yesko's request for a stay pending appeal is denied.

IT IS SO ORDERED.

Dated: New York, New York
November 1, 2013

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE

6